WILLIAM P. JOWERS, plaintiff in error, *vs.* JAMES L. BAKER, defendant in error.

The fair and legitimate construction of a contract to furnish timber and saw-logs to meet the demand of a certain mill and to keep the same constantly running during the continuance of the contract, is not that the party assuming the obligation should furnish only a sufficient quantity of timber to supply the demand of the purchasers of lumber from said mill, but that he should deliver a sufficiency of logs, etc., to keep the mill constantly running independent of what might be the demand of the purchasers.

Contracts. Before Judge JAMES JOHNSON. Marion Superior Court. April Term, 1875.

Reported in the decision.

THOMAS H. PICKETT; LITTLE & CRAWFORD; PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & GARRARD; HINTON & SONS; E. M. BUTT, for defendant.

WARNER, Chief Justice.

William P. Jowers brought his action against James L. Baker, in Marion superior court, alleging that on the first of September, 1870, he made and entered into a parol contract

with the said Baker for the purpose of sawing lumber for sale, in which the said Jowers was to furnish the engine and boiler with saw-mill attached, and place them on the land of said Baker, in running order, and keep them in proper repair for sawing lumber, the said Baker to furnish timber and saw-logs, at his own expense, to meet the demand of said mill and keep the same constantly running during the continuance of the contract, which was to continue for six months from the time the mill was placed on Baker's land, and longer if agreed to by the parties, but in no event should the mill be stopped by either without ample notice to the other party.

Said plaintiff averred his faithful compliance with the terms of said contract on his part; and that with the consent of said Baker, the said plaintiff rented the said engine, boiler and saw-mill to one John G. Lidy, who ran the same with the said Baker, under the same terms and stipulations of the contract as above set forth, from the 18th November, 1870, to the 17th February, 1871, when at the instance of said Baker, the said Jowers dispossessed the said Lidy and took possession of said mill, and under the contract before stated, with said Baker, continued the said business until 5th June, 1871, and that one-half of the lumber cut by said mill belonged to each, said Jowers and said Baker; that Baker failed to comply with the contract, in that he did not furnish saw-logs to suit the capacity of the mill, in consequence of which the said mill was idle one half of the time the said Jowers was in possession, and instead of cutting seven thousand feet, (its capacity,) only cut thirty-five hundred feet per day, and thereby said plaintiff lost and was damaged seventeen hundred and fifty feet of lumber (his half) per day for eighty-five days, during which time the mill was running under the said contract, to his loss and damage one hundred and sixty one thousand two hundred and fifty feet of lumber, of the value of $1 50 per hundred feet, equalling $2,419 75. Plaintiff further averred that during the existence of said contract, said Baker stopped said mill without notice to him, and the same stood idle for one month, to plaintiff's loss and damage $1,365 00.

After the evidence had closed, and upon the submission of the case to the jury, the court charged that "it was the duty of the court to construe the pleadings, and that the meaning of the contract as set out in the declaration was that the mill was to be put up on Baker's land, to be superintended by Jowers, for the purpose of cutting lumber for sale, and that Baker agreed to furnish as many logs as would meet the demand for the sale of the lumber so cut, of such logs as grew on Baker's land, and if Baker furnished logs sufficient to meet the demand of the mill, then Baker had not violated his contract." Which said charge and construction is assigned as error.

The court further charged that "the contract, as set out in the declaration, did not mean that Baker agreed to furnish logs to keep the mill running to its full capacity for sawing, but it meant that Baker should furnish only such a quantity of saw logs as would supply the demand of the purchasers for lumber from said mill." Which said charge and construction is assigned as error. The court further charged that "the true measure of damages in the case was the amount of money that it would have cost Jowers to furnish logs sufficient to supply the demand for lumber made upon the mill." Which is assigned as error. The jury found a verdict for defendant.

In our judgment the court erred in its charge to the jury as to the construction of the contract alleged in the plaintiff's declaration. The fair and legitimate interpretation of the words of the contract is not that "Baker should furnish only such a quantity of saw-logs as would supply the demand of *purchasers of lumber* from said mill," but the fair and legitimate interpretation of the words of the contract is that Baker was to furnish timber and saw-logs, at his own expense, to meet the demand of *the said mill* and keep the same *constantly running* during the continuance of the contract. The plain and obvious meaning of the words of the contract is, that Baker was to furnish timber and saw-logs to keep the mill *constantly running* for six months, that is to say, to meet the

reasonable demand of said mill, so as to keep it *constantly running*, and not to meet the demand of purchasers for lumber from said mill. How far the want of purchasers of the lumber sawed at the mill under the contract would go in mitigation of the plaintiff's damages is a different question.

Let the judgment of the court below be reversed.